IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**4U PROMOTIONS,INC.**,

        Plaintiff,

  vs.

                                                Civil Action 2:15-cv-1673
                                                Magistrate Judge King

**EXCELLENCE IN TRAVEL, LLC,**
*et al.,*

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on the *Motion to Dismiss of Defendants Excellence in Travel, LLC and Colleen M. Gaier*, ECF No. 20 (filed under seal) ("*Sealed Motion*"), and the *Motion to Dismiss of Defendants Excellence in Travel, LLC and Colleen M. Gaier*, ECF No. 28 ("*Redacted Motion*") (collectively, "the *Motions*").  For the reasons that follow, the *Motions* are **DENIED**.

I.    Factual Allegations and Procedural History

Since 2011, plaintiff 4U Promotions, Inc. ("plaintiff" or "4UP"), a Tennessee corporation licensed to do business in the State of Ohio, has promoted and operated an annual cruise using the trademarks "Decades of Rock & Roll," "Decades of Rock & Roll Oldies Cruise," and substantially similar variations (collectively, "the 4UP Marks"). *Complaint*, ECF No. 1 (Redacted), ¶¶ 6, 10 ("*Redacted Complaint*"); Exhibit C-1 (copy of certificate of registration of "Decades of Rock & Roll"), attached thereto.  On June 6, 2013, 4UP filed an action in the Court of Common Pleas for Greene County, Ohio, Case No. 2013 CV 0451

1

("the state court action"), against defendant Excellence in Travel, LLC ("EIT"), an Ohio limited liability company based in Fairborn, Ohio, and Gaier Professional Services, LLC ("GPS"), asserting claims of breach of contract, unfair competition, intentional interference with business relationships, and conversion. *Redacted Complaint*, ¶¶ 7, 24. EIT filed a counterclaim against 4UP. *See* Exhibit I, p. 3 (copy of docket in state court action), attached thereto. The state court action involved ownership of certain intellectual property, a customer list, and contact information of Facebook users who "liked" 4UP's Decades of Rock & Roll Facebook page. *Id*. at ¶ 25.

On June 10, 2014, the parties agreed to terms of settlement of the state court action, contemplating a limited license in EIT and a full release of all claims. *Id*. at ¶ 26. *See* "Mediation Agreement," Exhibit J (filed under seal), attached to *Complaint*, ECF No. 13 (filed under seal) ("*Sealed Complaint*"). *See also* "Confidential Settlement Agreement and Release," Exhibit A, attached to *Sealed Complaint*, and "Consent Agreement," Exhibit B, attached to *Sealed Complaint*.

On October 21, 2014, 4UP registered the trademark, "Decades of Rock & Roll," U.S. Trademark Registration Number 4, 623,128, in connection with "cruise ship services; travel, excursion and cruise arrangement." *Redacted Complaint*, ¶ 11 (internal quotation marks omitted).

On May 5, 2015, 4UP filed this action under the Lanham Act, 15 U.S.C. § 1125, naming as defendants in the caption of the *Redacted Complaint* only EIT and Colleen Gaier (a member of EIT), but including as a party in the body of the *Redacted Complaint* Penny Greene (a

2

shareholder and officer of 4UP). *Redacted Complaint*, ¶ 8. 4UP asserts claims of infringement of its registered trademarks, "Decades of Rock and Roll," "Decades of Rock & Roll Oldies Cruise," and substantially similar variations thereof (Count I). Plaintiff also asserts supplemental state law claims of breach of contract (Counts III, IV, V), violation of the Ohio Deceptive Trade Practices Act, O.R.C. § 4165.01 *et seq.* ("ODTPA") (Count II), and contempt under O.R.C. § 2705.01 *et seq.* (Count VI). 4UP invokes this Court's subject matter jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1338, 1367(a). *Redacted Complaint*, ¶¶ 1, 4.

Defendants EIT and Gaier (collectively, "defendants") filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, which is now fully briefed and ripe for resolution. *See Motions; Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss*, ECF No. 23 (redacted) ("*Redacted Opposition*"); *Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss*, ECF No. 26 (sealed) ("*Sealed Opposition*"); *Reply in Support of Motion to Dismiss of Defendants Excellence in Travel, LLC and Colleen M. Gaier*, ECF No. 29 ("*Reply*").

**II. Penny Greene**

As an initial matter, it is unclear whether 4UP intends to pursue a claim against Penny Greene. As noted *supra*, Ms. Greene is not included as a named defendant in the caption of the *Redacted Complaint*, but she is identified in the body of that pleading as a party to the action. The body of the complaint does not specify that any claims are directed against Ms. Greene. *See generally Redacted*

3

*Complaint* (referring generally to alleged violations and failures of "defendants"). *See also Redacted Opposition*, p. 5 (clarifying that paragraphs 107-130 and elements K-P of the requested relief are directed against only EIT). Moreover, 4UP did not request the issuance of a summons for Ms. Greene, *see* ECF Nos. 2, 3, and it does not appear that Ms. Greene has been served with process. Under these circumstances, the Court concludes that 4UP has not asserted any claims against Penny Greene.

**III. Counts III through VI as Against Defendant Gaier**

4UP has agreed to withdraw its claim for contempt (Count VI) in its entirety. *Redacted Opposition*, pp. 4-5. 4UP has also agreed to withdraw its claims for breach of contract (Counts III, IV, V) as against defendant Gaier. *Id*. at 5-6. Accordingly, for purposes of the current *Motions*, the following claims remain: trademark infringement (Count I) and violation of the ODTPA (Count II) against EIT and defendant Gaier as well as claims for breach of contract (Counts III, IV, V) against only EIT.

**IV. Rule 12(b)(1)**

In moving to dismiss under Rule 12(b)(1), defendants challenge the Court's subject matter jurisdiction. When a motion to dismiss addresses the Court's jurisdiction, a plaintiff bears the burden of establishing jurisdiction in order to survive the motion. *See Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). "Specifically, the plaintiff must show that the complaint 'alleges a claim under federal law, and that the claim is substantial.'" *Id*. (quoting *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th

4

Cir. 1996)). The plaintiff can survive such a motion if it can show "'any arguable basis in law' for the claims set forth in the complaint." *Id*. (quoting *Musson Theatrical, Inc.*, 89 F.3d at 1248). Where, as here, the motion to dismiss amounts to a facial attack on subject-matter jurisdiction, *see Redacted Motion*, p. 6, a court must take the allegations in the complaint as true, just as it would with a motion to dismiss under Rule 12(b)(6). *See Gentek Bldg. Prods., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

In the case presently before the Court, defendants acknowledge that, pursuant to 11 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a) and (b), district courts have original jurisdiction over Lanham Act claims. *Redacted Motion*, p. 6. Defendants further recognize that district courts are vested with "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id*. (quoting 28 U.S.C. § 1367) (internal quotation marks omitted). However, defendants contend that the Court should dismiss this case for lack of subject matter jurisdiction because 4UP's trademark infringement claim (Count I), the only federal claim asserted by plaintiff, is really a state law claim of breach of the Settlement Agreement in disguise. *Id*. at 6-7. Because the remaining claims are also state law claims and the parties are not diverse, defendants argue, this Court lacks subject matter jurisdiction over this action. *Id*.

Plaintiff disagrees, citing multiple examples of trademark infringements identified in the complaint. *Redacted Opposition*, p. 8

5

(citing paragraphs 47-80, some of which are sealed, as well as Exhibits N, O, P, Q, R, S, T, attached to the *Redacted Complaint*). Understanding defendants' argument in this regard as based on the proposition that trademark infringement claims and breach of contract claims are mutually exclusive, plaintiff counters that the United States Court of Appeals for the Sixth Circuit has considered actions that present both trademark infringement claims and breach of contract claims. *Id.* at 9 (citing *La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327 (6th Cir. 2010); *Assurance Comp. of Am. v. J.P. Structures, Inc.*, 132 F.3d 32 (6th Cir. 1997)). Noting its withdrawal of its breach of contract claims against defendant Gaier, plaintiff also argues that the trademark infringement claim against this defendant cannot be disguised as a breach of contract claim. *Id.* at 9-10. *See also Sealed Opposition*, p. 10 (detailing redacted argument).

In reply, defendants attempt to distinguish the cases cited by plaintiff in this regard as cases involving agreements other than settlement agreements. *Reply*, p. 2. Defendants concede that "[t]he specific issue in this case — whether a claim for breach of a settlement agreement that set forth terms upon which the trademark could be used can coexist with a trademark infringement action – has not been decided by any court." *Id.* Relying on *Affiliated Hosp. Prods. v. Merdel Game Mfg.*, 513 F.2d 1183 (2nd Cir. 1975) ("The 1967 agreement controls the right of the respective parties in the use of the word Carom; and preliminary to any claim of trademark infringement, Affiliated must demonstrate conduct by Merdel sufficiently grave to warrant rescission of that agreement."),

defendants argue that 4UP should be limited to the assertion of a breach of contract action unless 4UP "can show [that] the contract should be rescinded. If no trademark infringement action is appropriate at this stage, then the Court does not have subject matter jurisdiction to hear the state law claims." *Reply,* p. 3. Finally, defendants contend that any alleged misuse of the 4UP Marks by defendant Gaier, the sole member of EIT, is "really an extension of EIT's alleged misuse governed by the Settlement Agreement." *Id.*

Defendants' arguments are not well-taken. 4UP has invoked this Court's jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338. Section 1121(a) confers upon district courts jurisdiction over all actions arising under the Lanham Act. District courts are also vested with original jurisdiction over any civil action arising under an Act of Congress relating to, *inter alia*, trademarks as well as any civil action asserting a claim of unfair competition when joined with a substantial and related claim under, *inter alia*, trademark laws. 28 U.S.C. § 1338(a), (b). In order to state a claim for trademark infringement, "a plaintiff must allege facts establishing that: (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing 15 U.S.C. § 1114(1)).

In the case presently before the Court, defendants do not specifically argue that 4UP has failed to allege facts necessary to a trademark infringement claim. *See generally Redacted Motion*; *Reply*. Indeed, as discussed *supra*, the Court must accept 4UP's allegations as

7

true at this stage of the proceedings. *See Gentek Bldg. Prods., Inc.*, 491 F.3d at 330. *See also Redacted Complaint* and *Sealed Complaint*, ¶¶ 10-23, 30-89. Instead, defendants take the position that the trademark infringement claim is really a breach of contract claim masquerading as a federal claim. *See supra*. However, and as even defendants appear to concede, *Reply*, p. 2 (the precise issue presented in this case "has not been decided by any court."), this Court cannot conclude that there is no arguable basis in law for this federal claim. *See*, *e.g.*, *Michigan Southern R.R. Co.*, 287 F.3d at 573.

Defendants' reliance on *Affiliated Hospital Products* does not militate a different result. As an initial matter, that decision by the Court of Appeals for the Second Circuit is not binding on this Court. Moreover, the excerpt upon which defendants rely relates to the Second Circuit's discussion of rescission of an agreement, *see Affiliated Hosp. Prods.*, 513 F.2d at 1186, and not to the issues presented in this action. In short, the Court is not persuaded that *Affiliated Hospital Products* precludes 4UP from invoking this Court's subject matter jurisdiction over its federal trademark infringement claim.[1]

Finally, the remaining state law claims, which include breach of contract and violation of the ODTPA, are based on the same facts underlying the federal trademark infringement claim. *See*, *e.g.*, *Redacted Complaint*, ¶¶ 99-130. Because this Court concludes that it

---

[1] Having concluded that there exists jurisdiction under 28 U.S.C. § 1338(a), the Court need not address at this time whether diversity jurisdiction also exists. The Court also does not address whether dismissal based on Rule 12(b)(6) is appropriate because that request was directed to Counts Three through Six against defendant Gaier, which 4UP has now withdrawn.

has jurisdiction over plaintiff's federal claim, this Court also concludes that plaintiff has properly invoked the Court's supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(a).

**WHEREUPON**, in light of plaintiff's withdrawal of Counts III, IV, and V against defendant Gaier and the withdrawal of Count VI in its entirety, Counts III, IV, and V are **DISMISSED** against defendant Gaier, and Count VI is **DISMISSED** in its entirety. In all other respects, the *Motion to Dismiss of Defendants Excellence in Travel, LLC and Colleen M. Gaier*, ECF No. 20, and the *Motion to Dismiss of Defendants Excellence in Travel, LLC and Colleen M. Gaier*, ECF No. 28, are **DENIED**.


February 23, 2016                                *s/Norah McCann King*
                                                  Norah McCann King
                                           United States Magistrate Judge

9