IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**4U Promotions, Inc.,**

      Plaintiff,

                                                              Case No. 2:15-CV-1673
   v.                                         Magistrate Judge King

**Excellence in Travel, LLC,**
**et al.,**

      Defendants.

## OPINION AND ORDER

The Court previously granted the parties leave to file several documents under seal. For the following reasons, the Court reconsiders its previous orders and will order those documents to be filed on the public record in light of the requirements set forth in *Shane v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016).

**I.**

In *Shane*, the Court of Appeals made explicit the obligations of both the party requesting nondisclosure and the court considering such a motion. In addressing the differences in that consideration between the discovery stage and the adjudication stage, the Court explained:

> "At the adjudication stage, however, very different considerations apply." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. *Baxter*, 297 F.3d at 545. Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)....

*Id*. at 305.

Further citing to *Brown & Williamson*, 710 F.2d at 1179, the Court of Appeals noted that "courts have long recognized ... a presumption in favor of openness as to court records." *Id*. Accordingly, "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Id*., citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). This burden is "a heavy one" and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Id*., quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). That is, "[t]he parties' asserted bases for sealing" cannot be "brief, perfunctory or patently inadequate." *Id*. at 306. The mere reference to a designation of confidentiality is a "protective-order justification[], not [a] sealing-order one[]." *Id*. Additionally, "the proponents of closure bear the burden of showing that 'disclosure will work a clearly defined and serious injury[.]'" *Id*. at 307, quoting *Cendant*, 260 F.3d at 194. Specificity in delineating the injury attendant to disclosure is essential. *Id*. at 307- 308. Typically, only trade secrets, information covered by a recognized privilege and information required by statute to be maintained in confidence is enough to overcome the presumption of access. *Id*. at 308.

Moreover, even if a party demonstrates a compelling reason for filing under seal, "the seal itself must be narrowly tailored to serve that reason." *Id*. at 305, citing *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11 (1984). As a result, "the proponent of sealing" is required to "'analyze in detail,

document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id*. at 305-306, quoting *Baxter*, 297 F.3d at 548.

**II.**

The documents filed under seal include the complaint (Doc. 13), the motion to dismiss and response (Docs. 20 and 26) and all documents relating to Plaintiffs' currently pending motion to enforce the settlement agreement (Docs. 50, 55, 59, 81, 86, 88, 93, 94, and 98). Redacted versions of these documents have been filed on the public record. The parties' justifications for filing all of these documents under seal can be characterized as nothing more than the terms of the parties' settlement agreement and the general confidentiality that courts typically have afforded such agreements. This reason is insufficient to meet the "demanding requirements for a seal" as set forth in *Shane*.

Moreover, the requests to seal cannot be characterized as narrowly tailored under *Shane*. A quick review of the publicly filed documents reveals significant redactions. This level of redaction is inconsistent with the "strong presumption in favor of openness as to court records." *Shane*, at 305.

For these reasons, the Court **VACATES** the orders granting the parties' motion to seal. The Clerk is directed to file Docs. 13, 20, 26, 50, 55, 59, 81, 86, 88, 93, 94, and 98 on the public record.

August 10, 2017                    *s/ Norah McCann King*
                                   United States Magistrate Judge